**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:79-cr-00007-TWP-MJD |
| | ) | |
| BRETT C. KIMBERLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON PENDING MOTIONS

This matter is before the Court on *pro se* Defendant Brett Kimberlin's ("Kimberlin") Motion to Reconsider Court's Order of June 12, 2020 (Dkt. 39), Motion to Supplement (Dkt. 40), and Motion for Ruling on Defendant's Motion to Reconsider and an Order for the Government to State its Position on the Microscopic Hair Issue  (Dkt. 42).  For the reasons explained below, the Court **grants in part and denies in part** the Motion for Ruling, **grants** the Motion to Supplement, and **denies** the Motion to Reconsider.

## I.    BACKGROUND

In February 1979, Kimberlin was charged in a 34-count Indictment with crimes related to a series of bombings in Speedway, Indiana. Over the course of three trials in 1980 and 1981, Kimberlin was convicted of numerous felonies arising out of his impersonation of a Department of Defense police officer and eight explosions that occurred in Speedway, Indiana, in September 1978. *See United States v. Kimberlin*, 781 F.2d 1247 (7th Cir. 1985).  Kimberlin has challenged his convictions on numerous occasions.  *See, e.g.*, *id.*; *United States v. Kimberlin*, 805 F.2d 210 (7th Cir. 1986); *Kimberlin v. United States*, Case No. IP 00-280-C-D/G (S.D. Ind. May 3, 2000). He served his sentences and was released from imprisonment in 2001.

On April 13, 2018, Kimberlin filed a motion pursuant to 28 U.S.C. § 2255 again

challenging his convictions for possessing and wearing a uniform bearing a Department of Defense sleeve patch and illegal use of the Presidential Seal in violation of 18 U.S.C. §§ 912, 701, and 713. He later expanded his petition to challenge his convictions related to the Speedway bombings and converted his motion to a petition for writ of error *coram nobis* because he was no longer in custody. *See, e.g.*, Dkt. 3, Dkt. 30 in *Kimberlin v. United States of America,* 1:18-cv-01141-TWP-MPB. He also filed a motion for DNA testing in this case. (Dkt. 3.)

In addition to the convictions challenged in Case No. 1:18-cv-01141-TWP-MPB, Kimberlin has incurred a 1974 felony perjury conviction in Case No. IP 73-cr-132, and a 1979 felony conviction for conspiracy to distribute marijuana in Texas. (*See* 1:18-cv-01141-TWP-MPB, Dkt. 46 at 5).[1]

On March 17, 2021, the Court denied Kimberlin's petition for writ of *coram nobis* because he had not shown that a fundamental error rendered his convictions under § 912 invalid. (Dkt. 41.) Because those felony convictions, and his other unrelated felony convictions were and are still valid, the Court did not address Kimberlin's arguments regarding the alleged errors in his second and third trials which resulted in his conviction on charges related to the explosions in Speedway in the fall of 1978.

Kimberlin's Motion to File New Supplemental Authorities on the Issue of Microscopic Hair Evidence, (Case No. 1:18-cv-01141-TWP-MPB, Dkt. 73), challenged his bombing

---

[1] The record did not provide a case number or citation for the Texas felony conviction but did make several references to its existence. The Seventh Circuit acknowledged that on June 11, 1980, Mr. Kimberlin received a four-year sentence after pleading guilty to conspiracy to possess four thousand pounds of marijuana in a federal court in Texas. *United States v. Kimberlin*, 805 F.2d 210, (7th Cir. 1986). ("He had been indicted for conspiracy to possess and for importation and possession with intent to distribute four thousand pounds of marijuana. The prosecution in Texas was disposed of June 11, 1980, when he was sentenced on a plea of guilty, to one count, and returned to Indiana June 16.") *Id*. at 225. ("The burden on defendant in this case is somewhat heavier because he had been convicted in a federal court in Texas of conspiracy with others from on or about February 7, 1979 to on or about February 16, 1979 to possess marijuana with an intent to distribute.") *Id*. at 237. Based on this record, the Court concluded that the felony conviction still exists.

convictions which the Court did not address in the *coram nobis* action, so the Court considered the motion alongside his motion for DNA evidence in his criminal case.  The Court ultimately denied the motion for DNA evidence because the DNA testing provision of 18 U.S.C. § 3600(a) does not apply after a defendant is released from custody (Dkt. 38); 28 C.F.R. § 28.22.

On June 22, 2020, Kimberlin filed the Motion to Reconsider and sought to supplement that Motion with additional authority on November 23, 2020.  (Dkts. 39, 40.)  His Motion requesting a ruling on the Motion to Reconsider was filed on June 22, 2021 (Dkt. 42).  The Court will address each motion below in order.

## II.    <u>MOTION TO RECONSIDER</u>

In his Motion to Reconsider,  Kimberlin asks the Court to reconsider the Order of June 12, 2020, in which the Court denied him relief, stating that he is "floored that this Court did not address the issue concerning the use of microscopic hair testimony at [his] trial."  (Dkt. 39 at 1.) Kimberlin contends that the Court erred when it *sua sponte* transferred his motion to file new supplemental authority on the issue of microscopic hair evidence from his *coram nobis* case (1:18-cv-01141-TWP-MPB) to his criminal case. He argues that had the issue of microscopic hair evidence been considered in his *coram nobis* case, the Court would have vacated his convictions.

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010).  Kimberlin's Motion to Reconsider the denial of his Motion for DNA testing was filed within 28 days of the date the Court denied his original Motion for DNA testing.  It is therefore treated as a motion to amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.

Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted).  A "manifest error" means

3

"the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent. " *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted).  "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted).  Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Here, Kimberlin has not established any special circumstances that would justify the extraordinary remedy of relief under Rule 59(e).  As explained above, the Court did not address the microscopic hair issue in his *coram nobis* action because it would have had no effect on the outcome of that action.

The writ of *coram nobis* "is an extraordinary remedy, allowed only where collateral relief is necessary to address an ongoing civil disability resulting from a conviction." *Chaidez v. United States*, 655 F.3d 684, 687 (7th  Cir. 2011) (citing *Godoski v. United States,* 304 F.3d 761, 762 (7th Cir. 2002)).  Because Kimberlin has been convicted of multiple felonies in separate trials, including a 1974 perjury conviction in this Court, Case No. IP 73-cr-132, and a 1979 conspiracy to distribute marijuana conviction in Texas (as referenced in *Kimberlin*, 805 F.2d at 225), neither of which were at issue here, a successful challenge to any or all of the convictions he challenged in this Court would not have relieved him of the ongoing civil disabilities of which he complains.  *See United States v. Keane*, 852 F.2d 199, 205 (7th Cir. 1988) ("a single felony conviction supports any civil disabilities and reputational  injury [a convicted felon] may have to endure").

In addition, this Court found that his convictions under 18 U.S.C. §§ 912 are valid.  Thus, even if his challenge to the use of microscopic hair evidence in his bombing trials is meritorious, it would not entitle him to *coram nobis* relief.

4

The supplemental authorities produced by Kimberlin do not warrant reconsideration of the Court's denial of his motion for DNA testing. *Watkins v. State*, No. 348855, 2020 WL 6236500 (Mich. Ct. App. Oct. 22, 2020), involved Watkin's claim for compensation after murder conviction was overturned. Although the case involved microscopic hair evidence, it is distinguishable because Watkins was in custody at the time of challenge to the evidence. Also, because he was a state prisoner, his case did not involve application of 18 U.S.C. § 3600(a). This Court's ruling on a motion to dismiss in *Barnhouse v. City of Muncie,* 1:19-cv-00958-TWP-DLP, Dkt. 137 (November 4, 2020) is also inapposite. Barnhouse brought a civil complaint under 42 U.S.C. § 1983 after he was exonerated of his state court rape conviction. Just as in *Watkins*, Barnhouse was still in custody when he sought DNA testing which led to his exoneration. And, as a state prisoner, his case did not involve application of 18 U.S.C. § 3600(a).

For the reasons stated above, Kimberlin has not established that he is entitled to the extraordinary remedy of relief under Rule 59(e). He has not demonstrated that the Court committed a manifest error of law or fact when it *sua sponte* transferred his motion to file new supplemental authority on the issue of microscopic hair evidence from his *coram nobis* case (1:18-cv-01141-TWP-MPB) to this case. Neither has he presented newly discovered evidence that warrants a change to the Court's original decision. Consequently, his Motion to Reconsider, (Dkt. 39), is **denied**.

### III.   MOTION FOR RULING AND MOTION TO SUPPLEMENT

Kimberlin's Motion for Ruling, (Dkt. 42), is **granted to the extent** this Order rules on his Motion to Reconsider. The Motion is **denied to the extent** it asks the Court to order the Government to state the current Department of Justice's position on the microscopic hair issue.

The Government's position on this issue is not germane to the Court's ruling on the Motion to Reconsider.

Kimberlin's Motion to Supplement his Motion to Reconsider, (Dkt. 40), is **granted to the extent** the Court considered the supplemental authority and argument contained in the Motion when addressing his Motion to Reconsider.

## IV.   CONCLUSION

For the reasons stated above, Kimberlin's Motion for Ruling, (Dkt. [42]), is **GRANTED in part and denied in part**; his Motion to Supplement, (Dkt. [40]), is **GRANTED**; and his Motion to Reconsider, (Dkt. [39]), is **DENIED.**

**SO ORDERED.**

Date: 9/3/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, Maryland  20817

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov